**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERALD HAMMANN, | No. 15-17476 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-00886-LDG-GWF |
| v. | |
| 1-800 IDEAS, INC.; SUSAN PARKER, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted May 8, 2017**

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Jerald Hammann appeals pro se from the district court's summary judgment

in his action alleging violations of Federal Communications Commission

regulations and the Sherman Act.  We have jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion the district court's evidentiary rulings,

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605, 607 (9th Cir. 2002), and de novo the district court's decision on cross-motions for summary judgment, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court did not abuse its discretion by striking in this action an expert report and deposition testimony from Hammann's earlier action in the District of Minnesota, or by striking Hammann's "damages exhibits" because such evidence was unreliable and not based on sufficient facts or data. *See* Fed. R. Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (trial court's gatekeeping obligation applies to all expert testimony).

The district court did not abuse its discretion by precluding Hammann from testifying as a damages expert in his own case because the danger of confusion outweighed the probative value of such testimony. *See* Fed. R. Evid. 403; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993) (discussing applicability of Rule 403 balancing test in district court's assessment of proffered expert testimony).

The district court did not abuse its discretion by precluding Hammann from providing lay opinion testimony because Hammann's proffered testimony about

damages was not within the scope of Federal Rule of Evidence 701. *See* Fed. R. Evid. 701; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (district court's decision on admissibility of lay opinion testimony "will be overturned only if it constitutes a clear abuse of discretion." (citation and quotation marks omitted)).

The district court properly granted summary judgment for defendants because Hammann failed to raise a genuine dispute of material fact as to the amount, causation, or fact of any damages. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir. 1988) ("Summary judgment is appropriate where appellants have no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages.").

We reject as without merit Hammann's contention that the district court erred by failing to impose sanctions.

**AFFIRMED.**

15-17476